IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MCKINNEY DRILLING COMPANY, LLC                                    PLAINTIFF

v.                                      Case No. 5:16-CV-05078

LIBERTY MUTUAL INSURANCE COMPANY                                  DEFENDANT

## OPINION AND ORDER

Currently before the Court are a motion (Doc. 10) to stay this case and brief in support filed by Defendant Liberty Mutual Insurance Company ("Liberty").  Plaintiff McKinney Drilling Company, LLC ("McKinney") has filed a response (Doc. 14) and brief in support.  Liberty filed a reply (Doc. 17) with leave of Court.  Counsel for McKinney requested a hearing, but no hearing is necessary to resolve the motion.

McKinney was a subcontractor on a highway construction project performed by Pace Construction Company ("Pace") in Washington County, Arkansas.  Liberty issued a payment bond for the project and is Pace's surety.  On February 8, 2016, Pace filed a lawsuit against McKinney in the Circuit Court of St. Louis County, Missouri.  On March 1, 2016, McKinney filed a suit against Liberty in the Circuit Court of Washington County, Arkansas.  On April 4, 2016, McKinney removed the Missouri action to the United States District Court for the Eastern District of Missouri.  On April 7, 2016, Liberty removed the Arkansas action to this Court.  On April 11, 2016, McKinney filed an answer and counterclaim in the Missouri action, and moved to transfer the action to this Court.  On April 18, 2016, Liberty filed the instant motion.  On May 5, 2016, the motion to transfer from the Eastern District of Missouri to this Court was denied.

Liberty asks the Court to stay this case on the basis of the first-filed rule.  The "first to file" or "first-filed" rule is a facet of federal comity doctrine that operates in instances of parallel

litigation and is intended to "promote efficient use of judicial resources." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). "The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting *Orthmann*, 765 F.2d at 121). Parallel litigation is litigation involving the same parties and embracing the same issues. *Orthmann*, 765 F.2d at 121. If both courts have personal jurisdiction and subject matter jurisdiction over the parties and claims, the first-filed rule indicates that "the court in which jurisdiction first attached should proceed to adjudicate the controversy." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993). This rule is not applied in a "rigid, mechanical, or inflexible" fashion, but "in a manner best serving the interests of justice." *Id.* at 1005 (citing *Orthmann*, 765 F.2d at 121). If compelling circumstances exist, the court which obtained jurisdiction later may decide the controversy. *Id.*

As a threshold matter in applying the first-filed rule, the Court must determine whether this is parallel litigation. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013). The nature of the inquiry into identity of parties and issues is "imprecise" and "functional." *See id.* Although Liberty as surety is a different entity than Pace as principal, for purposes of the parallel litigation analysis, at least one court in this circuit has found identity of parties between a principal and a surety on a construction bond dispute because "the parties' interests are clearly aligned and the issues, though not identical, are substantially similar." *Pace Const. Co., Inc. v. Travelers Cas. & Surety Co. of Am.*, 259 F. Supp. 2d 934, 937

(E.D. Mo. 2003).  In this case the Court agrees.  Liberty's liability will be derivative of Pace's.[1] Liberty's interests are clearly aligned with Pace's, and the issues determined in this case and the issues to be resolved in the Missouri case will be substantially the same—whether Pace is liable to McKinney for breach of contract.  The cases are substantially the same and the parties—Pace and Liberty—have clearly-aligned interests.  This litigation is therefore sufficiently parallel with the Missouri litigation for the first-filed rule to apply.

In applying that rule, the court in the second-filed case may dismiss, stay, or transfer the case.  *See Nw. Airlines, Inc.*, 989 F.2d at 1005.  In this case, the Court finds that staying the case is the most appropriate possible action available to it.  The case should not be transferred.  State law controls the payment of the bond, and Arkansas requires that all bond claims for public projects be brought in this state.  Ark. Code Ann. § 22-9-403(b)(1).  Respect for the state policy undergirding that requirement counsels against transferring the claim out of Arkansas.  Nor should the case be dismissed.  As there is not strict identity of parties, and as it appears McKinney cannot bring Liberty into the Missouri action, resolution of the dispute between McKinney and Liberty procedurally will require some final decision in this case.  Furthermore, bond claims for public projects have a short statute of limitations.  *See id.*  ("No action shall be brought on a bond after one (1) year from the date final payment is made on the contract . . . .").  This leaves the option of staying the dispute, at least until the issue of Pace's liability is resolved.

The Court may stay this action pursuant to its inherent authority if Liberty has made out "a clear case of hardship or inequity in being required to go forward, if there is even a fair

---

[1] McKinney's citation to *Fort Smith Structural Steel Co. v. W. Surety Co.*, 247 F. Supp. 674 (W.D. Ark. 1967) is readily distinguishable, as the reason the surety in that case could be liable on the bond even though the principal was not is because the principal was entitled to sovereign immunity.  There has been no indication in this case that Pace is entitled to a defense of sovereign immunity.

possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also Jones v. Clinton*, 72 F.3d 1354, 1364–65 (8th Cir. 1996) (same).[2]  The parties in this case agree that the factors to be weighed in deciding whether to stay are undue prejudice or advantage to the parties, the effect on judicial economy, and the posture of the case. *See* (Docs. 15, p. 5; 17, p. 3).  The Court agrees these factors are useful in examining the ultimate question of whether there would be a clear case of hardship or inequity for Liberty if this case proceeds.  This case is in its early stages, and little discovery or motion practice has occurred, so the posture of the case does not weigh against a stay.  Staying promotes judicial economy because only one court will be litigating the issue of Pace's liability to McKinney on the subcontract between them.  Finally, staying will not prejudice McKinney—the issue of liability on the subcontract will still be actively litigated in Missouri while this case is stayed— and proceeding might work an inequitable hardship on Liberty.  If Liberty were required to pay McKinney in this case, it could not recover payment from its principal if Pace were found not liable in the Missouri case. *See R.J. Bob Jones Excavating Contractor, Inc. v. Firemen's Ins. Co.*, 920 S.W.2d 483, 487 (Ark. 1996).  Having weighed the factors, the Court finds that it may stay this case.  Under the first-filed rule, it appears that the Court should do so.

Before settling on this decision, however, the Court must determine whether compelling circumstances exist that require it not to give effect to the first-filed rule. *Nw. Airlines, Inc.*, 989 F.2d at 1006–07.  McKinney has argued that staying this case will violate Arkansas policy in favor of prompt payment on legitimate bond claims and will have the effect of allowing the merits of its claim to be determined outside of Arkansas.  The primary dispute in this case appears to be whether the bond claim is, in fact, legitimate.  That issue will be resolved by

---

[2] For the sake of argument, the Court assumes that there is a fair possibility that a stay would work damage to someone other than Liberty.

litigating the issue of whether Pace is liable to McKinney on the subcontract between them, and so in either this case or the Missouri action McKinney's claimed right to prompt payment will be delayed until the merits of its claim are resolved.  There is no reason to think that the Missouri action will be resolved more slowly than this action would be, so Arkansas's policy in favor of prompt payment on a legitimate bond claim will not be controverted by staying this action.  This is not a compelling circumstance for abrogating the first-filed rule.  As for allowing the merits of the claim to be determined outside of Arkansas, McKinney entered into a subcontract with Pace that allowed a forum outside Arkansas for disputes between them.  *See* (Doc. 17-1 (*Pace Construction Co. v. McKinney Drilling Co.*, Memorandum and Order, Case No. 4:16-cv-00455-JCH (E.D. Mo. May 12, 2016)).  This decision significantly undercuts McKinney's current position that allowing determinations of fact affecting the merits of this case to take place outside Arkansas is contrary to public policy and a hardship to McKinney.  Compelling circumstances being absent, the Court finds that staying this matter pursuant to the first-filed rule is the appropriate resolution for this motion.

IT IS THEREFORE ORDERED that Defendant Liberty Mutual Insurance Company's motion to stay (Doc. 10) is GRANTED, and this case is STAYED pending resolution in *Pace Construction Co. v. McKinney Drilling Co.*, Case No. 4:16-cv-00455-JCH (E.D. Mo.), of the issue of liability on the subcontract between Pace and McKinney, or until some other substantial change in circumstances justifies lifting the stay.

IT IS SO ORDERED this 15th day of June, 2016.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE